**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Southern_____ District of _____New York_____
                                    (State)

Case number (*If known*): _____ Chapter __11__

❑ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Vice Holding Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Viceland.com USA Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 06-1562658 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 49 South 2nd Street | |
| Number   Street | Number      Street |
| | P.O. Box |
| Brooklyn        NY    11249 | |
| City          State   ZIP Code | City              State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Kings | |
| County | Number      Street |
| | |
| | City              State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.vicemediagroup.com |

Debtor    Vice Holding Inc._____    Case number *(if known)*_____
_____Name_____

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_5_  _1_  _9_  _1_

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Vice Holding Inc._____    Case number (if known)_____
      Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                           MM / DD / YYYY

       District _____ When _____ Case number _____
                           MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor ___See attached list.___ Relationship _____

       District _____ When _____
                                          MM / DD / YYYY

       Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

      **Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

      **Where is the property?** _____
                            Number      Street

                        _____

                        _____ _____
                        City                   State ZIP Code

      **Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

■ **Statistical and administrative information**

---

Debtor    Vice Holding Inc._____    Case number *(if known)*_____
    Name

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                    ☐ 1,000-5,000            ☐ 25,001-50,000
☐ 50-99                   ☒ 5,001-10,000           ☐ 50,001-100,000
☐ 100-199                 ☐ 10,001-25,000          ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☒ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☒ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/15/23_____
        MM  / DD / YYYY

✖ */s/ Hozefa Lokhandwala*_____        Hozefa Lokhandwala_____
Signature of authorized representative of debtor        Printed name

Title  Chief Strategy Officer_____

Debtor    <u>Vice Holding Inc.</u>  
     Name

Case number *(if known)* _____

---

**18. Signature of attorney**

✗   */s/Albert Togut* _____    Date   <u>05/15/2023</u>

     Signature of attorney for debtor                    MM / DD / YYYY

Albert Togut
_____
Printed name

Togut, Segal & Segal LLP
_____
Firm name

One Penn Plaza, Suite 3335
_____
Number     Street

| New York | NY | 10119 |
|---|---|---|
| City | State | ZIP Code |

(212) 594-5000           altogut@teamtogut.com

Contact phone                  Email address

1420090                    New York

Bar number                    State

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. __-_____ (__) |
| Debtors. | (Joint Administration Requested) |

## LIST OF AFFILIATED ENTITIES

On the date hereof, each of the affiliated entities listed below (including the Debtor

in this chapter 11 case) filed petitions for relief under chapter 11 of title 11 of the United States

Code in this Court. Contemporaneously with the filing of these petitions, these entities filed a

motion requesting the Court jointly administer their chapter 11 cases.

1. Vice Group Holding Inc.

2. Vice Holding Inc.

3. Vice Media LLC

4. Boy Who Cried Author LLC

5. Carrot Creative LLC

6. Carrot Operations LLC

7. Channel 271 Productions LLC

8. Clifford Benski Inc.

9. Dana Made LLC

10. Inverness Collective LLC

11. JT Leroy Holding LLC

12. PLDM Films LLC

13. Project Change LLC

14. R29 Pride, LLC

15. R29 Productions, LLC

16. Refinery 29 Inc.

17. Valvi LLC

18. Vice Content Development, LLC

19. Vice Distribution LLC

20. Vice Europe Holding Limited

21. Vice Europe Pulse Holding Limited

22. Vice Food LLC

23. Vice Impact Inc.

24. Vice International Holding, Inc.

25. Vice Music Publishing LLC

26. Vice Payroll LLC

27. Vice Productions LLC

28. Vice Project Services LLC

29. Villain LLC

30. Virtue Worldwide, LLC

31. Visur LLC

32. VTV Productions, LLC

**UNANIMOUS WRITTEN CONSENT OF
THE SPECIAL COMMITTEE OF THE
BOARD OF DIRECTORS OF
VICE GROUP HOLDING INC**.
(the "**Company**")

May 14, 2023

The undersigned, being all of the members of the Special Committee of the Board of Directors (the "Special Committee") of Vice Group Holding Inc., a Delaware corporation (the "Company"), hereby consent, solely in their capacity as directors (and for the avoidance of doubt, not in their capacity as an affiliate of any stockholder of the Corporation) pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, as amended, and Section 3.11 of the Bylaws, to the adoption of the resolutions attached hereto as Annex A as of the date first set forth above, taking or authorizing the actions specified therein with the same force and effect as if such resolutions were approved and adopted at a duly constituted meeting of the directors.

This consent may be executed in counterparts (including by facsimile or portable document format (.pdf)) and all so executed counterparts shall constitute one consent, notwithstanding that all of the directors are not signatories to the same counterpart.

DocuSigned by:

_9FE31C6C599E4E5..._

Jame Donath
Dated:

DocuSigned by:

_DD93FE84D1CD4A2..._

Mohsin Meghji
Dated:

DocuSigned by:

_A7EE35CD92364E9_

Jeffrey Serota
Dated:

**ANNEX A**

## OMNIBUS RESOLUTIONS OF THE
## VICE GROUP COMPANIES AND
## THEIR RESPECTIVE GOVERNING BODIES

May 14, 2023

**WHEREAS** the required members of the board of directors, the sole member, or other governing body, as applicable (each a "Governing Body"), of each of the entities listed in **Exhibit A** attached hereto (each, a "Company" and collectively, the "Vice Group Companies"), do hereby consent to, adopt, and approve by written consent, in accordance with, as applicable, section 141(f) of the Delaware General Corporation Law, sections 18-302 and 18-404 of the Delaware Limited Liability Company Act, section 708 of the New York Business Corporation Law, section 407 of the New York Limited Liability Company Law, and any other applicable law concerning the governance of any Company, the following resolutions and each and every action affected thereby;

**WHEREAS,** on January 13, 2023, the Board of Directors (the "Board") of Vice Group Holding Inc., a Delaware corporation (the "Company") formed the Special Committee (the "Special Committee") and delegated to the Special Committee the power and authority to direct certain or all of the Credit Parties (as defined in the Forbearance Agreement dated January 12, 2023, by and between the Company, each Guarantor (as defined therein) and each of the Lenders (as defined therein)) to seek relief under the U.S. Bankruptcy Code or any Debtor Relief Law under the U.S. Bankruptcy Code in the U.S. Bankruptcy Court;

**WHEREAS** each Governing Body has reviewed and considered information presented by its respective Company's management and advisors regarding the liabilities, assets, and liquidity of the Vice Group Companies, the strategic alternatives available to the Vice Group Companies, and the impact of the foregoing on the financial and operational condition of the Vice Group Companies;

**WHEREAS** each Governing Body has determined, after due consideration and deliberation, that it is desirable and in the best interests of each of the Vice Group Companies, their creditors, and other interested parties that each of the Vice Group Companies file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

**WHEREAS** each Governing Body has reviewed and considered the need for Authorized Persons (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of each Vice Group Company under the Bankruptcy Code, and pay fees and expenses in connection with the transactions contemplated by the below resolutions;

**WHEREAS** each Governing Body has reviewed and considered certain actions that may have been taken previously by any director, officer, employee, manager, member, stockholder, general partner, or agent of any Vice Group Company in connection with or with respect to the matters set forth in the below resolutions; and

**WHEREAS** each Governing Body desires to approve the following resolutions with respect to its applicable Company.

## CHAPTER 11 CASES

**NOW, THEREFORE, BE IT RESOLVED** that each Governing Body, with respect to its applicable Company, hereby authorizes and empowers each officer of such Company or the sole or applicable manager of such Company, as applicable, (each, an "Authorized Person" and collectively, the "Authorized Persons") in the name and on behalf of such Company, to execute and file a petition to commence a case and obtain relief under chapter 11 of the Bankruptcy Code (a case commenced as a result of such voluntary petition, a "Chapter 11 Case" and, collectively with the cases to be commenced by the other Vice Group Companies, the "Chapter 11 Cases") in the Bankruptcy Court and to cause such schedules, lists, applications, pleadings, and other motions, papers, agreements, consents, or documents to be filed, and take any and all actions that they deem necessary or proper to obtain relief from the Bankruptcy Court, including, without limitation, any action necessary to maintain the operation of such Company's business in the ordinary course.

## DIP FINANCING

**IT IS FURTHER RESOLVED** that, in connection with the commencement of the Chapter 11 Cases and in the sound business judgment of each Governing Body, it is advisable and in the best interests of the applicable Company, its creditors, and other interested parties that the Vice Group Companies obtain the debtor-in-possession financing (the "DIP Financing") that the Vice Group Companies have negotiated with their existing term lenders under the Amended and Restated Credit and Guaranty Agreement, dated as of November 4, 2019, as amended to date including the Amendment No. 32 to Amended and Restated Credit and Guaranty Agreement, dated as of April 26, 2023.

**IT IS FURTHER RESOLVED** that each Governing Body, with respect to its applicable Company, hereby authorizes and empowers each Authorized Person, in the name of and on behalf of such Company, with power of delegation, to take all actions necessary in connection with the DIP Financing, including, without limitation: (i) executing, delivering, and filing (as necessary) the credit agreement, guarantees, security agreements, and related ancillary documents, certificates, and instruments, and with respect to each of the foregoing, any amendments, supplements, modifications, extensions, and renewals thereto (collectively, the "DIP Facility Documents"); (ii) executing, delivering, or filing (as necessary) each other agreement, instrument or document to be executed, delivered, or filed (as necessary) in connection with the DIP Financing (collectively with the DIP Facility Documents, the "DIP Documents"), in the name and on behalf of such Company; (iii) granting liens on and security interests in any and all assets of such Company, and, as applicable, executing and delivering security agreements (and amendments, supplements, and other modifications thereto, as appropriate) with respect to real property and personal property (including intellectual property) to evidence such liens; (iv) authorizing the filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages, or other documents; (v) executing and delivering deposit, securities, and other account control agreements (and amendments, supplements, and

other modifications thereto, as appropriate); and (vi) performing the Company's obligations under the DIP Documents and taking any other actions with respect to, and paying all fees, taxes, and other expenses in connection with, the foregoing.

## RETENTION OF PROFESSIONALS

**IT IS FURTHER RESOLVED** that each Governing Body, with respect to its applicable Company, hereby authorizes and empowers each Authorized Person, in the name and on behalf of such Company, to employ or continue to employ certain firms as counsel, consultants, professionals, or financial advisors to such Company as such Authorized Person may deem advisable, appropriate, convenient, desirable, or necessary to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, that each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of such firms.

**IT IS FURTHER RESOLVED** that each Governing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs each Authorized Person, in the name and on behalf of such Company, with power of delegation, to employ Togut, Segal & Segal LLP as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with its restructuring or recapitalization, and in connection therewith, that each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Togut, Segal & Segal LLP in accordance with applicable law;

**IT IS FURTHER RESOLVED** that each Governing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs each Authorized Person, in the name and on behalf of such Company, with power of delegation, to employ Shearman & Sterling LLP as special corporate counsel, to represent and assist such Company in respect of: (i) the DIP Financing, the finalization, execution and the Company's ongoing performance under the DIP Documents; (ii) the pursuit, negotiation, and documentation of a sale of a material portion or substantially all of the assets of the Vice Group Companies (the "Sale Transaction"); (iii) transactional and corporate matters relating to the DIP Financing and Sale Transaction, including exit financing; and (iv) general corporate and governance matters. Each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Shearman & Sterling LLP in accordance with applicable law.

**IT IS FURTHER RESOLVED** that each Governing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs each Authorized Person, in the name and on behalf of such Company, with power of delegation, to employ PJT Partners Inc. and Liontree Advisors LLC as co-financial advisors and investment bankers, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with its restructuring or recapitalization; and in connection therewith, each Authorized Person, with power of delegation,

is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain PJT Partners Inc. and Liontree Advisors LLC in accordance with applicable law.

IT IS FURTHER RESOLVED that each Governing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs each Authorized Person, in the name and on behalf of such Company, with power of delegation, to employ AP Services, LLC for the continued employment of: (i) Frank Pometti, Partner and Managing Director of AlixPartners, LLP, as chief restructuring officer, to perform the ordinary-course duties associated with that office, as well as to advise such Company on matters relating its debts, finances and liquidity, cash management and funding, business planning and restructuring strategy, the management of critical relationships and retention of experts, and such other duties as may be necessary or advisable in the course of the Chapter 11 Cases; and (ii) Mark Del Priore, Director of AlixPartners, LLP, as chief financial officer, to perform the ordinary-course duties associated with that office, as well as to work on issues relating to each such Company's auditing, bookkeeping, performance reporting, finance management and planning, and such other matters as may be within the expertise of AP Services, LLC and requested by such Company; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain AP Services, LLC in accordance with applicable law.

IT IS FURTHER RESOLVED that each Governing Body, with respect to its applicable Company, hereby authorizes, empowers and directs each Authorized Person, in the name and on behalf of such Company, with power of delegation, to employ Stretto, Inc. ("Stretto") as claims and noticing agent and administrative advisor, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with its restructuring or recapitalization, and in connection therewith, that each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Stretto in accordance with applicable law.

## ASSET SALE

IT IS FURTHER RESOLVED that each Governing Body, as applicable, has determined that it is advisable and in the best interest of the Vice Group Companies to enter into a stalking horse agreement for the sale of substantially all assets (the "Stalking Horse Agreement") and related auction procedures.

IT IS FURTHER RESOLVED that each Governing Body, as applicable, hereby authorizes and empowers each Authorized Person, in the name and on behalf of the applicable Company, upon the finalization of negotiations and documentation, to enter into (i) the Stalking Horse Agreement, (ii) the Bidding Procedures, (iii) the Bidding Procedures Order, (iv) the Sale Notice, and (v) the Assignment and Assumption Notice (collectively, the "Sale Documents"); that each Company is authorized thereupon to execute, deliver, and perform such Sale Documents and to consummate the transactions contemplated thereby; and that each Authorized Person is authorized and directed thereupon to execute and deliver, in the name and on behalf of each

applicable Company, such Sale Documents, with such changes as any Authorized Person shall approve on behalf of the applicable Company, such approval to be conclusively established by the execution and delivery thereof.

**IT IS FURTHER RESOLVED** that the form and terms of any and all other documents to be delivered by the Vice Group Companies in connection with the consummation of the transactions contemplated by the Sale Documents, including all exhibits and schedules thereto (the "Supplemental Documents") in the forms approved by any Authorized Person after the date hereof, are hereby approved, adopted and ratified by each Governing Body in all respects; that each applicable Company is hereby authorized to execute, deliver, and perform such Supplemental Documents and to consummate the transactions contemplated thereby; and that each Authorized Person is hereby authorized and directed to execute and deliver, in the name and on behalf of each applicable Company, such Supplemental Documents in substantially the forms hereby approved, with such changes as any Authorized Person shall approve on behalf of the applicable Company, such approval to be conclusively established by the execution and delivery thereof.

## GENERAL

**IT IS FURTHER RESOLVED** that, to the extent a Company is directly or indirectly the Governing Body of certain of such Company's subsidiaries (each a "Controlled Company"), the Governing Body of such Company hereby authorizes, empowers and directs each Authorized Person, in the name of and on behalf of such Controlled Company, to take each of the actions described in these resolutions or any of the actions authorized by these resolutions.

**IT IS FURTHER RESOLVED** that each Governing Body of a Controlled Company, with respect to its applicable Controlled Company, hereby authorizes and empowers each Authorized Person to execute, on behalf of such Controlled Company, a consent of the Governing Body of each Controlled Company whereby such Controlled Company resolves that, notwithstanding any provision of the Limited Liability Company Agreement of such Controlled Company, and notwithstanding that the Delaware Limited Liability Company Act (the "DLLCA") may provide to the contrary (including section 18-304 of the DLLCA), the occurrence of any event of the type identified in section 18-304 of the DLLCA with respect to a member of such Controlled Company shall not cause such member to cease to be a member of such Controlled Company and, upon the occurrence of such an event, such Controlled Company shall continue without dissolution or, to the extent that any dissolution occurs by operation of law, the Authorized Persons and other remaining representatives of the Governing Body of such Controlled Company are empowered and shall revoke any such dissolution to the maximum extent allowed by section 18-806(3) of the DLLCA and applicable bankruptcy law.

**IT IS FURTHER RESOLVED** that, in addition to the foregoing specific authorizations conferred upon the Authorized Persons, each Governing Body, with respect to its applicable Company, hereby authorizes and empowers each Authorized Person, in the name of and on behalf of such Company, with power of delegation, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay any and all such expenses, including but not limited to filing fees, as shall be deemed necessary, advisable, or desirable (in each case, in

such Authorized Person's reasonable discretion) in order to carry out the full intent and accomplish the purposes of the resolutions adopted herein.

**IT IS FURTHER RESOLVED** that any and all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions and done in the name of and on behalf of any Company, which would have been approved by the foregoing resolutions if these resolutions had been adopted before such acts were taken, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the applicable Governing Body.

**IT IS FURTHER RESOLVED** that each Governing Body, with respect to its applicable Company, has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice.

*[Remainder of page intentionally left blank.]*

# EXHIBIT A

**Vice Group Companies**

## Vice Group Companies

| | |
|---|---|
| Vice Group Holding Inc. | Vice Holding Inc. |
| Vice Media LLC | Vice Productions LLC |
| PLDM Films LLC | Inverness Collective LLC |
| Vice Project Services LLC | Vice Content Development, LLC |
| Vice Distribution LLC | Vice Music Publishing LLC |
| Virtue Worldwide, LLC | Channel 271 Productions LLC |
| Vice Payroll LLC | VTV Productions LLC |
| Vice Impact Inc. | Carrot Creative LLC |
| Carrot Operations LLC | Villain LLC |
| JT Leroy Holding LLC | Boy Who Cried Author LLC |
| Valvi LLC | Visur LLC |
| Dana Made LLC | Project Change LLC |
| Vice International Holding, Inc. | Refinery 29 Inc. |
| R29 Productions, LLC | R29 Pride, LLC |
| Clifford Benski, Inc. | Vice Europe Holding Limited |
| Vice Europe Pulse Holding Limited | Vice Food LLC |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Consolidated List of the Holders of the Debtors' Largest Secured Claims**

Pursuant to local Rule 1007-2(a)(5), to the best of the Debtors' knowledge the table below shows the largest secured claims against the Debtors prior to the Petition Date.

| Name of Creditor | Complete Mailing Address | Amount of Claim | Description of Collateral | Contingent, unliquidated, or disputed |
|---|---|---|---|---|
| Fortress Credit Corporation | c/o Fortress Investment Group LLC 1345 Avenue of the Americas, 46th Floor New York, NY 10105 Attn: General Counsel gccredit@fortress.com | $474,648,153 | First-priority security interest in substantially all of the property and assets of the Debtors | |
| Thomas Benski and Marisa Clifford and B&C 3, LLC (as agent) | TB: Earl Villa, COMO Parrot Cay Provideciales TKCA IZZ, Turks and Caicos Islands MC: 26 Birchwood Avenue London N10 3BE | $20,939,275 | Share capital of Pulse Films Limited | Unliquidated |
| JP Morgan Chase Bank, N.A. | 25 Bank Street Canary Wharf London E14 5JP | $9,841,275 | Guaranteed by several affiliates of VEHL, including Debtors Vice Parent and Vice Media, LLC | Unliquidated |

| Fill in this information to identify the case: |
| --- |
| Debtor name  _____ |
| United States Bankruptcy Court for the: _____ District of _____ <br> (State) |
| Case number (If known):  _____ |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wipro LLC <br> 2 Tower Centre Blvd, Suite 2200 <br> East Brunswick, NJ 08816 | farhan.shekhani@wipro.com | Arbitration Award | | | | 9,905,086.59 |
| 2 | CNN Productions <br> One CNN Center <br> Atlanta, GA 30303 | rebecca.conners@warnermedia.com | Third Party Production | | | | 3,798,333.00 |
| 3 | | Jochem.dekoning@antenna-group.com | Consultancy Services Agreement | | | | 3,795,400.00 |
| 4 | | Jochem.dekoning@antenna-group.com | Trade Debts | | | | 2,750,000.00 |
| 5 | | Jochem.dekoning@antenna-group.com | Professional Services | | | | 2,137,298.67 |
| 6 | | sfried@horizonmedia.com | Ad Serving Fees | | | | 2,121,962.14 |
| 7 | | jeannette.francis@hbo.com | Licensing | | | | 1,763,157.90 |
| 8 | | On File | Professional Services | | | | 1,392,441.65 |

Debtor  Vice Group Holding Inc., et al.,
Name

Case number (if known)_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | aeremitinfo-intl@aenetworks.com | Trade Debts | | | | 1,350,666.00 |
| 10 | | legal@workday.com | Software | | | | 1,251,939.33 |
| 11 | | bhunting@adobe.com | Software | | | | 1,216,376.00 |
| 12 | | YING@RANKER.com | Software | | | | 1,062,863.87 |
| 13 | | arprocessing@gettyimages.com | Digital, Images, Video | | | | 1,015,154.08 |
| 14 | | david@braunre.com | Rent | Unliquidated | | | 952,679.81 |
| 15 | | aeremitinfo-intl@aenetworks.com | Trade Debts | | | | 937,500.00 |
| 16 | | aws-receivables@amazon.com | Information Security | | | | 820,287.73 |
| 17 | | pinny@ctadigital.com | Rent | Unliquidated | | | 824,649.94 |
| 18 | | receivable@piano.io | Market Research | | | | 630,702.00 |
| 19 | | billing@xwp.co | Technology Consulting | | | | 583,900.00 |
| 20 | United States | marc@baileyduquette.com | Legal Services | | | | 571,692.53 |

Debtor  **Vice Group Holding Inc., et al.,**
_____
Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  Con Edison  PO Box 1702  New York, NY 10116-1702  United States | corpcom@coned.com | Utilities | | | | 539,732.75 |
| 22  Justin Stefano  525 University Avenue Palo Alto, California  94301 United States | joseph.yaffe@skadden.com | R29 Put Holding | | | | 521,596.00 |
| 23  SALESFORCE.COM INC  Landmark One Market Street Suite 300  San Francisco, CA 94105  United States | payment@salesforce.com | Software | | | | 515,927.23 |
| 24  Paul Hastings Europe LLP 515 S. Flower Street, Suite 2500 Los Angeles, CA 90071 United States | matthewpoxon@paulhastings.com | Legal Services | | | | 499,339.87 |
| 25  ASANA, INC.  1550 BRYANT ST STE 800  San Francisco, CA 94103  United States | AR@ASANA.COM | Software | | | | 469,423.66 |
| 26  Wolftech Broadcast Solutions  Agnes Mowinckels Gate 6  5008 Bergen  Norway | ab@wolftech.no  +47 901 22 462 | Software | | | | 420,875.00 |
| 27  ORACLE AMERICA INC  500 Oracle Parkway  Redwood City CA 94065  United States | peter.fernan@oracle.com | Software | Unliquidated | | | 416,953.89 |
| 28  JPMorgan Chase NA  P.O. Box 15918 Mall Suite DE1-1404  Wilmington, DE 19850  United States | patrick.j.minick@jpmorgan.com | Purchasing Cards | | | | 399,438.08 |
| 29  Presidio Networked Solutions Group, LLC  12120 Sunset Hills, Suite 202  Reston, VA 20190  United States | PNSGremittanceAdvices @presidio.com | Software | | | | 385,444.25 |
| 30  DAVIS WRIGHT TREMAINE LLP  920 5th Ave, Suite 3300  Seattle, WA 98104-1610  United States | achpaymentnotification@ dwt.com | Legal Services | | | | 364,116.34 |
| | | | | | | |
| | | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE HOLDING INC., | Case No. __-_____ |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to the Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, Vice

Holding Inc. (the "Debtor") certifies that the following corporation directly or indirectly owns 10%

or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Vice Group Holding Inc. | 100% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE HOLDING INC., | Case No. __-_____ |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS
### PURSUANT TO FED. R. BANKR. P. 1007(a)(3)

Vice Holding Inc. hereby submits, pursuant to Rule 1007(a)(3) of the Federal Rules of

Bankruptcy Procedure, the following list of equity security holders:

| Name and Address of Equity Holder | Percentage of Equity Held | Type of Interest |
|---|---|---|
| **Vice Group Holding Inc.**<br>49 South 2nd Street<br>Brooklyn, NY 11249 | 100% | Common Stock |

**Fill in this information to identify the case and this filing:**

Debtor Name    Vice Holding Inc.

United States Bankruptcy Court for the:    Southern    District of    New York
                                                                 (State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☒ Other document that requires a declaration___Corporate Ownership Statement; List of Equity Security Holders; Top Secured___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _05/15/23_       ✘ _/s/ Hozefa Lockhandwala_ _____
          MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                  _Hozefa Lockhandwala_ _____
                                  Printed name

                                  _Chief Strategy Officer_ _____
                                  Position or relationship to debtor